IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00135-MR

| | |
|---|---|
| TRACEY TERRELL GRADY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FNU BOITNOTT, et al., | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte.

The incarcerated Plaintiff, Tracey Terrell Grady, filed this pro se action pursuant to 42 U.S.C. § 1983 on March 28, 2022,[1] addressing incidents that allegedly occurred at the Union County Jail (UCJ) while he was a pretrial detainee.[2] He names as Defendants the following UCJ employees: FNU Boitnott, a sergeant; and FNU Kennedy, FNU Kiker, and FNU Stone, who are correctional officers. The Plaintiff appears to claim that Defendant Kiker fabricated a disciplinary charge against the Plaintiff in retaliation for the Plaintiff having filed a lawsuit; that Defendants Kiker, Stone, and Kennedy

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to a § 1983 case).

[2] The Plaintiff's current address of record is at the Anson County Jail.

purposefully violated a keep-away order between the Plaintiff and an inmate whom Kiker paid to kill the Plaintiff; that Defendant Boitnott allowed this violation to occur in retaliation for a lawsuit the Plaintiff had filed; that the Plaintiff was denied medical care following the incident; that Defendant Kennedy used excessive force against the Plaintiff,[3] which was witnessed by Defendants Kiker and Stone; that Defendant Boitnott refused to allow the Plaintiff to file assault charges against Kennedy; and that all of the Defendants conspired against him. [Doc. 1 at 1-5]. As injury, the Plaintiff claims that he suffered physical and mental pain. [Id. at 6]. He seeks compensatory and punitive damages, injunctive relief, and a jury trial. [Id. at 9].

The Plaintiff moved to proceed in forma pauperis. [Doc. 2]. Upon receiving the Plaintiff's prisoner trust account statement, the Clerk entered an Order waiving the initial partial filing fee and directing the correctional facility to transmit partial payments pursuant to 28 U.S.C. § 1915(b)(2). [Doc. 8].

---

[3] The alleged use of excessive force is alleged to have occurred on March 28, 2022, the same date that the Plaintiff filed the Complaint. It is thus impossible for him to have exhausted his administrative remedies with regard to that incident prior to filing this lawsuit. See generally 42 U.S.C. § 1997e(a).

2

Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the authority to grant or deny an application to proceed in forma pauperis. Clarke v. Richmond Behav. Health Auth., 402 F. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

The Plaintiff has an extensive history of filing prisoner civil rights lawsuits in North Carolina federal courts. Several of his cases have been dismissed on initial review as frivolous or malicious and/or for failure to state a claim. See Case Nos. 5:16-cv-3026 (E.D.N.C.); 5:15-cv-130 (W.D.N.C.). Several other claims passed initial review, only to be dismissed on summary judgment: Case Nos. 3:20-cv-95-MR (W.D.N.C.); 5:16-ct-3285-BO (E.D.N.C.), 5:17-ct-3039-M (E.D.N.C.), 5:17-ct-3211-FL (E.D.N.C.), 5:17-ct-

3

Case 3:22-cv-00135-MR   Document 9   Filed 07/05/22   Page 3 of 7

3268-M (E.D.N.C.), and 5:16-ct-3027-DC (E.D.N.C.). Several of these summary judgment dismissals are not garden-variety dismissals in which no genuine dispute of material fact have been found to exist. Rather, they reflect the presiding court's determination that the action was entirely baseless and/or that the Plaintiff had engaged in improper and harassing litigation tactics.

For instance, in Case No. 3:20-cv-95-MR, the Plaintiff claimed that Monroe County law enforcement officers used excessive force against him, and retaliated against him by denying him medical care for his injuries. The forecast of evidence, including extensive video footage, so utterly discredited the Plaintiff's allegations that no reasonable jury could have believed him. Grady v. B.S., 2022 WL 2232475 (W.D.N.C. June 21, 2022). The Court specifically found that the lawsuit was frivolous and malicious pursuant to § 1915(e)(2)(B)(i). Id.

In Case No. 5:17-ct-3268, the Plaintiff's allegations are strikingly similar to his claims in the instant case, *i.e.*, that prison staff failed to prevent another inmate from assaulting the Plaintiff; that he received deliberately indifferent medical treatment afterwards; that prison staff conspired to deprive him of access to the courts; and that he was hindered from initiating criminal charges regarding the assault. The action was dismissed on

summary judgment because the Plaintiff's version of events regarding failure to protect and access to the courts were "so utterly discredited by the record that no reasonable jury could believe him…," and his claims regarding access to the courts and deliberate indifference to a serious medical need were "belie[d]" by the record. [5:17-ct-3268, Doc. 81 at 8-9, 14].

In Case No. 5:16-ct-3027, the Plaintiff claimed, inter alia, that prison staff used excessive force against him and provided deliberately indifferent care following the incident and that the defendants conspired against him. The defendants argued on summary judgment that the Plaintiff failed to exhaust his administrative remedies, and the Plaintiff submitted a forged grievance document in opposition to summary judgment. [5:16-ct-3027, Doc. 81 at 4; Doc. 87 at 3].

The other listed summary judgment dismissals, while not as egregious as the foregoing cases, include findings that certain claims were supported by "no evidence" [5:16-ct-3285 at 10-14; 5:17-ct-3039 at 6; 5:17-ct-3211 at 8-9], and were "belie[d]" by the record [5:16-ct-3285 at 10, 12].

Recently, in Case No. 3:20-cv-601-MR, the Plaintiff's extensive history of frivolous and abusive litigation led this Court to revoke the Plaintiff's in forma pauperis status pursuant to § 1915(a). Grady v. Rogers, 2022 WL 1572904 (W.D.N.C. May 18, 2022). The claims in that case were again

5

strikingly similar to the instant case. He alleged, inter alia, that Union County Jail officers used excessive force against him (while other officers failed to intervene); failed to protect him from a planned "hit" by another inmate; provided him deliberately indifferent medical care following an inmate assault; and conspired against him.[4]

The Court has carefully reviewed the Plaintiff's extensive litigation history, including the cases discussed *supra*, and concludes that the Plaintiff has engaged in a pattern of abusive, frivolous, malicious, and harassing litigation that demonstrates an improper motive and the lack of good faith. The Court is unwilling to overlook his extensive history of abusing the privilege of proceeding in forma pauperis. Accordingly, the Court will exercise its discretion to revoke the Plaintiff's authorization to proceed in forma pauperis pursuant to § 1915(a).

The Plaintiff shall have 14 days within which to pay the full filing fee. Should he fail to do so, this action will be dismissed without prejudice and without further notice.

---

[4] Officer Kiker is among the Defendants against whom the Plaintiff asserted claims for the use of excessive force and retaliation.

6

Case 3:22-cv-00135-MR    Document 9    Filed 07/05/22    Page 6 of 7

**IT IS, THEREFORE, ORDERED** that:

1. The Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments [Doc. 8] is **REVOKED** pursuant to 28 U.S.C. § 1915(a).

2. The Plaintiff shall have **fourteen (14) days** within which to pay the full filing fee. Should he fail to do so, this case will be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: July 5, 2022

Martin Reidinger
Chief United States District Judge